IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS PAUL SOTA,

    Petitioner,                  No. 2:12-cv-1242 KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.             ORDER TO SHOW CAUSE

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 conviction on multiple counts of molesting his two daughters and niece, and the indeterminate sentence of sixty years to life in prison. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On July 9, 2012, respondents filed an answer. Petitioner did not file a reply.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

////

////

1

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises three claims in his petition. Petitioner claims that defense counsel was ineffective based on his failure to investigate, retain an investigator, or call potential

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

witnesses, in violation of the Sixth Amendment; that the trial court improperly breached mediation confidentiality; and that the prosecutor engaged in prosecutorial misconduct by coercing and threatening a witness to testify.

Respondents do not waive exhaustion, but rather contend that it is petitioner's burden to demonstrate exhaustion of state court remedies. (Dkt. No. 13 at 1.)

Petitioner claims that "[a]ll State Administrative remedies were fully exhausted" (dkt. no. 1 at 4), but petitioner provided no state court petition or decision addressing petitioner's federal claim that defense counsel was ineffective based on his failure to investigate, retain an investigator, or call potential witnesses. The Court of Appeal denied petitioner's claim that defense counsel was ineffective for failing to object to closing the courtroom during the testimony of the CPS workers. (Dkt. No. 13 at 17.) But no other ineffective assistance of counsel claim is addressed by the Court of Appeal, and petitioner provided no other documents demonstrating exhaustion of these ineffective assistance of counsel claims.

Petitioner also claims that the mediation confidentiality was improperly breached when the trial court allowed the confidential information to be admitted into the record. (Dkt. No. 1 at 16.) On direct appeal, petitioner raised a claim that his due process rights were violated by the prosecutor eliciting confidential information from the mediation. (Dkt. No. 13 at 23.) However, petitioner's federal claim was not addressed by the Court of Appeal. (Dkt. No. 13 at 16-26.) Similarly, petitioner's federal claim that the prosecutor engaged in prosecutorial misconduct by threatening and coercing an unidentified witness to testify, was also not addressed by the Court of Appeal.

After reviewing the petition for habeas corpus, and the documents submitted by both parties, the court finds that petitioner failed to exhaust state court remedies.[2] It does not

---

[2] Because it appears that none of the claims are exhausted, the court cannot grant a stay under Rhines v. Weber, 544 U.S. 269 (2005), which is available where the petitioner files a mixed petition and demonstrates that: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication

1  appear from the record that the instant claims were presented to the California Supreme Court.[4]

2  Further, there is no allegation that state court remedies are no longer available to petitioner.

3  Accordingly, petitioner is ordered to show cause why the petition should not be dismissed

4  without prejudice.[5]  If petitioner can demonstrate exhaustion, petitioner should provide such

5  evidence with the response to the order to show cause.

6        In accordance with the above, IT IS HEREBY ORDERED that:

7        1.  Within fourteen days, petitioner shall show cause why this action should not be

8  dismissed based on petitioner's failure to first exhaust state court remedies; and

9        2.  The Clerk of the Court is directed to send petitioner's counsel the form for

10  filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

11  DATED:  October 15, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sota1242.103

---

that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.

[4] Petitioner submitted a copy of a draft entitled "Petitioner's Personal Petition for Review," which is captioned for filing in the California Supreme Court, but which does not bear a file stamp or case number from the California Supreme Court, and is accompanied by petitioner's letter to his then-appellate counsel, Peter Dodd.  (Petitioner's CD "70 IAC arguments.pdf" at 1-22.)

[5] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

4