UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PAUL SOTA,<br><br>           Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>           Respondents. | No. 2:12-cv-1242 KJN P<br><br>ORDER |

I. <u>Introduction</u>

Petitioner is a state prisoner, proceeding through counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c).

Petitioner challenges his 2009 conviction on multiple counts of child molestation. Petitioner claims that: defense counsel was ineffective, in violation of the Sixth Amendment; the trial court improperly breached mediation confidentiality; and the prosecutor engaged in prosecutorial misconduct in violation of his constitutional rights. (ECF No. 1 at 3.) The court ordered petitioner to show cause why this action should not be dismissed based on petitioner's failure to first exhaust state court remedies; petitioner filed a response, respondent filed an opposition to the response, and petitioner filed a reply. (ECF Nos. 16, 18, 19.) In addition, petitioner filed a motion to amend, which is now fully briefed. (ECF Nos. 22, 23, 24.)

After careful review of the record and the parties' briefing, this court concludes that petitioner failed to exhaust his state court remedies; thus, the petition is dismissed without prejudice, and the motion to amend is denied.

II. Procedural History

A. On March 21, 2008, petitioner was charged with multiple counts of lewd acts upon his two daughters and a niece. (ECF No. 1 at 4.) Petitioner pled not guilty, and testified to his innocence at the jury trial. (Id.) On July 7, 2009, a jury found petitioner guilty of multiple counts of lewd acts upon children under California Penal Code § 288(a). (Reporter's Transcript ("RT") at 876.) On August 28, 2009, petitioner was sentenced to 60 years to life in state prison, plus 8 years. (RT at 981.) The sentencing judge confirmed that he had read petitioner's letter to probation that was "approximately 85 pages." (RT at 974-75.)

B. Petitioner, through counsel, appealed the conviction to the California Court of Appeal, Third Appellate District. According to the Court of Appeal opinion, petitioner raised 11 claims: (1) petitioner objected to the trial court closing the courtroom, claiming it violated his right to a public trial, and claimed defense counsel was ineffective based on his alleged failure to object to the closing of the courtroom; (2) the court violated his right to due process when it admitted evidence of his prior sex acts on the niece's aunt to show his propensity to commit sex offenses; (3) there was no clear and convincing evidence independently corroborating the facts supporting the conviction for molesting petitioner's niece; (4) the trial court erred by instructing the jury pursuant to CALCRIM No. 301, which permits a single witness's testimony to prove any fact, and pursuant to CALCRIM No. 1190, which permits a single witness's testimony to prove a sexual assault crime, and that the court erred in failing to advise the jury that these instructions did not apply to the niece's molestation charge, which required corroboration to toll the statute of limitations; (5) the trial court abused its discretion by refusing to sever the niece's charge from the daughters' charges; (6) the trial court erred by instructing the jury pursuant to CALCRIM No. 330, explaining how the jury should evaluate the testimony of a child who is age 10 or younger, because it violated petitioner's constitutional due process rights because there was no reciprocal instruction about petitioner's testimony; (7) CALCRIM No. 1110, which sets forth the elements

of lewd acts on a child, is constitutionally deficient because it removes an essential element of the offense from the jury's consideration because the instruction states "[t]he touching need not be done in a lewd or sexual manner;" (8) the trial court erred in redacting portions of the juvenile court dependency records; (9) the prosecutor "engaged in repeated misconduct" by asking petitioner four improper questions: two regarding the veracity of a witness, another about a battered woman's shelter, and another about a court mediator; (10) the trial court abused its discretion in awarding $150,000 to each of the daughters as restitution; and (11) the trial court erred by ordering petitioner to pay $460 for the cost of preparing the probation report. Sota, 2011 WL 720980, **1-14; ECF Nos. 16-3, 16-4 & 16-5.

      C. On March 2, 2011, the Court of Appeal affirmed the judgment in a reasoned opinion. (ECF Nos. 16-3, 16-4 & 16-5.)

      D. On April 6, 2011, petitioner, through appointed appellate counsel, filed a petition for review in the California Supreme Court. (ECF Nos. 16-1 at 2-19; 16-2.) The petition for review raised one claim: "Where the trial court proposes to exclude the public during the testimony of two prosecution witnesses, and the [petitioner] does not expressly agree thereto, does this act as a waiver or forfeiture of the right to public trial?" (ECF No. 16-1 at 8.) For ease of reference, this issue is subsequently referred to as petitioner's "public trial issue."

      E. On May 11, 2011, the California Supreme Court denied the petition for review without comment. (ECF No. 16-1 at 1.)

      F. Petitioner filed no collateral challenges in state court. (ECF No. 1 at 4.)

      G. Petitioner, through counsel, filed the instant petition on May 8, 2012. (ECF No. 1.) Petitioner claims that (a) defense counsel was ineffective, in violation of the Sixth Amendment; (b) the trial court improperly breached mediation confidentiality, and (c) the prosecutor engaged in prosecutorial misconduct in violation of his constitutional rights. (ECF No. 1 at 3.)

III. Exhaustion of State Court Remedies

      In the petition, counsel claims that "[a]ll state Administrative remedies were fully exhausted." (ECF No. 1 at 4.) In the answer, respondents do not waive exhaustion of state court remedies, but contend that it is petitioner's burden to demonstrate exhaustion. (ECF No. 13 at 1.)

The "Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") mandates that habeas petitioners exhaust their claims in state court before raising them in federal court." Cooper v. Neven, 641 F.3d 322 (9th Cir. 2011). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner failed to exhaust state court remedies. In the response to the order to show cause, petitioner claims that the "complete opinion of the California Third District Court of Appeal was attached to the petition before the California Supreme Court," and therefore "at least all relevant arguments were part of the appeal to the California Supreme Court." (ECF No. 16 at 3.) Petitioner asks the court to find that all issues have been "effectively exhausted." (Id. at 3-4.) However, petitioner offers no legal authority for such position. Moreover, the petition for review confirms that only the public trial issue was raised for review in the California Supreme Court. (ECF Nos. 16-1 & 16-2.)

The three claims contained in the instant petition have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

IV. Request for Stay

In response to the order to show cause, petitioner notes that the public trial issue was properly exhausted in the California Supreme Court, and "should therefore not be dismissed pursuant to this Order to Show Cause." (ECF No. 16 at 2.) Petitioner then cites Rhines v. Weber, 544 U.S. 269 (2005), for the proposition that the district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims in state court and then return to federal court for review of all his claims. (ECF No. 16 at 2.) Respondent opposes the motion for stay because petitioner's claims are not exhausted, and argues that the court may not simply deem petitioner's claims to be exhausted. (ECF No. 18 at 3.)

A. Stay and Abeyance Procedures

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred. See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines, 544 U.S. at 277. Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. See King, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under Rhines, as compared to Kelly. The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. District courts should not grant a stay under Rhines if the petitioner has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78).[3]

The decisions in both Kelly and Rhines "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

B. The Petition Contains No Exhausted Claims

As set forth above, it is apparent that petitioner has exhausted none of the federal habeas claims contained in the instant petition by presenting them first to the state's highest court. See Picard, 404 U.S. at 276; Middleton, 768 F.2d at 1086 (a petitioner satisfies the exhaustion

---

[3] The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

requirement by providing the highest state court with a full and fair opportunity to consider a claim before presenting it to the federal court.)  Because the petition contains no exhausted claims, it cannot be stayed under either Kelly (allowing for a stay of a petition containing only exhausted claims) or Rhines (permitting the stay of a petition containing both exhausted and unexhausted claims).  Therefore, petitioner's request to stay the petition containing only unexhausted claims is denied.

V.  Requests Contained in Reply

In the reply to respondent's opposition to petitioner's response to the order to show cause, petitioner requests an extension of time to obtain "the full California State Court record," or, in the alternative, "leave to amend to include the issues raised in the first Response to the Show Cause Order to satisfy the Mixed matrix for staying purposes."  (ECF No. 19 at 3.)

First, these requests were not properly filed as motions.  Fed. R. Civ. P. 7(b)(1).  "A request for a court order must be made by motion."  Id.

Second, the requests fail to "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).  Indeed, throughout petitioner's filings, petitioner argues the merits of the petition rather than addressing the procedural requirements that the court is required by statute to address before it can reach the merits.  See, e.g., Rose v. Lundy, 455 U.S. 509 (1982) (a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised).  Petitioner's reply is no exception.  (ECF No. 19.)  Petitioner's conclusory request to amend is insufficient.

Finally, including these requests in the reply deprived respondent of an opportunity to address such requests.

Accordingly, petitioner's requests are denied without prejudice.[4]

---

[4] In any event, it appears that such requests are unavailing.  First, petitioner did not explain why the "full" California state record was required.  Petitioner submitted a separate CD-ROM containing the "trial record" with the federal petition. (ECF No. 1 at 4.)  In addition, respondent also lodged the clerk's transcript and the reporter's transcripts.  Petitioner provided a copy of the petition for review filed in the California Supreme Court, as well as a copy of the Supreme Court's decision. (ECF No. 16.)  Thus, the court had sufficient documents to determine that petitioner failed to file the instant claims in the California Supreme Court.

////

VI. Motion to Amend

On February 25, 2014, petitioner filed a motion to amend the petition to name the proper respondent inasmuch as petitioner was transferred to the Pleasant Valley Correctional Facility in Coalinga, California.[5]  Respondent confirms that petitioner was transferred, but argues that

---

Second, a motion to amend would likely be futile. The California Supreme Court denied the petition for review on May 11, 2011. Petitioner's conviction became final ninety days later, on August 9, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on August 10, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on Friday, August 10, 2012.

As noted above, petitioner filed no post-conviction challenges in state court. Thus, petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Although petitioner filed his federal petition on May 8, 2012, within the limitations period, the federal petition contained only unexhausted claims. A federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Duncan, 533 U.S. at 167. In Duncan, the Supreme Court expressed its intention to encourage petitioners to exhaust before coming to federal court:

> By tolling the limitation period for the pursuit of state remedies and not during the pendency of applications for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts. But if the statute were construed so as to give applications for federal review the same tolling effect as applications for state collateral review, then § 2244(d)(2) would furnish little incentive for individuals to seek relief from the state courts before filing federal habeas petitions. The tolling provision instead would be indifferent between state and federal filings. . . . At the same time, respondent's interpretation would further undermine the interest in finality by creating more potential for delay in the adjudication of federal-law claims.
>
> A diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce.

Duncan, 533 U.S. at 180. Thus, the time for filing federal habeas petition was not tolled during the pendency of the instant petition containing only unexhausted claims. See id. If petitioner were to file a motion to amend the petition to include the public trial claim, such claim is now barred by the statute of limitations, because it was not filed on or before August 10, 2012. See Fail v. Hubbard, 315 F.3d 1059 (9th Cir. 2001) (prisoner not entitled to equitable tolling during pendency of petition of entirely unexhausted claims).

[5] Petitioner states that: "No other amendment is for[e]seen at this time other than adding his current place of incarceration and identifying information . . . to the Defendant list and removing the Donovan facility as he is no longer incarcerated there." (ECF No. 22 at 1.)

because petitioner named the California Department of Corrections as a respondent, the Warden of R.J. Donovan Correctional Facility can be deleted and no other respondent need be added.

"[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). However, "Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden or the chief state penal officer as a respondent." Id. at 450 n.18. Regardless, a district court's lack of personal jurisdiction over an improper respondent in a habeas action does not preclude the court from considering the petition. See Smith v. Idaho, 392 F.3d 350, 354-56 (9th Cir. 2004) (holding that states may waive personal jurisdiction in habeas actions).

Because respondent does not object to petitioner naming the California Department of Corrections as a respondent, the Clerk of Court is directed to terminate R.J. Donovan Correctional Facility and Daniel Paramo as respondents in this action. In light of this ruling, it is not necessary for petitioner to amend the petition. Accordingly, the motion to amend is denied.

Finally, within the motion to amend, petitioner also asks the court to take judicial notice of information pertinent to Brandon Casio, the stepfather of petitioner's children. Respondent opposes the request to take judicial notice. Because the court is not reaching the merits of petitioner's claims, petitioner's request is denied as premature.

VII.  Certificate of Appealability

Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

9

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), opinion recalled and superseded on other grounds, 273 F.3d 826 (9th Cir. 2001).

After careful review of the entire record, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether petitioner has exhausted state remedies.  Accordingly, a certificate of appealability should not issue in this action.

VIII.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for stay (ECF No. 16) is denied;

2. The two requests contained in petitioner's reply (ECF No. 19 at 3) are denied;

3. Petitioner's motion to amend and request for judicial notice (ECF No. 22) are denied without prejudice;

4. Petitioner's application for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice;

5. The Clerk of the Court is directed to (a) terminate R.J. Donovan Correctional Facility and Daniel Paramo as respondents, and (b) terminate this action; and

6. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  June 17, 2014

/sota1242.157.fte

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE